## JIM DOWNEY v. STATE.

No. A-3854. Opinion Filed May 5, 1923.
Rehearing Denied Sept. 15, 1923.
(217 Pac. 887.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence Sustaining Conviction of Unlawful Manufacture.** Proof of the finding of an illicit still in operation near the residence of the accused, together with all the other circumstances shown, held sufficient to sustain a verdict finding the accused guilty of the illegal manufacturing of whisky.

2. **Trial—Refusal of Instruction on Law of Alibi Where Covered in Charge.** Where an instruction defining the law on an alibi was given, there was no error in refusing to give an argumentative instruction on that subject and others, which might be misconstrued by the jury as a declaration of the weight of certain portions of the evidence.

Appeal from County Court, Jefferson County; E. L. Dillard, Judge.

Jim Downey was convicted of manufacturing whisky, and he appeals. Affirmed.

Bridges & Vertrees and J. H. Harper, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Jim Downey, plaintiff in error, herein called the defendant, was by information filed in the county court of Jefferson county on July 3, 1920, charged with the unlawful manufacture of whisky. At the trial, on August 13, 1920, he was found guilty as charged; the jury assessing the maximum punishment, a fine of $500 and six months' imprisonment.

The evidence showed that the accused had recently moved on premises belonging to another, that his tenancy

was temporary and indefinite, and that the house and premises adjacent had been "loaned" to him by the owner. The evidence on the part of the state was that a still or device consisting of a metal coal oil barrel or drum was found on these premises on the creek bank in the timber, about 300 yards from the house; that there was a fire burning under this barrel, which contained fermented meal; that attached to an opening in the head of the barrel was a leaden pipe extending into the water, this pipe being connected with some iron gas pipe leading to a container across the creek; there were some buckets, a wrench, and some fresh drinking water there, which, in connection with the condition of the fire and the drippings from the pipe into the container, indicated that some person had recently been there operating this still. There was a well-used path leading from the barn to where the still was found; a large number of empty fruit jars, which gave off an odor of whisky, were found in the barn.

The defendant claimed that the still found was a migratory or traveling still, placed there without his knowledge or consent; that he was in no way connected with or implicated in its construction or operation; that he left home after dinner and was not in the vicinity of the premises at 2 o'clock when the still was discovered in operation.

The defendant in his brief urges four assignments of error:

First. Refusal of the court to give a certain requested instruction.

Second. The reception of incompetent testimony.

Third. The refusal of the court to direct the jury to return a verdict of not guilty on account of the insufficiency of the evidence.

Fourth. Misconduct of the county attorney in his argument to the jury.

The court gave a fair instruction on the issue of an alibi and refused to give the following instruction requested by the defendant:

"In this case, gentlemen, the defendant has offered evidence tending to show that at the time the still was in operation he was not at his place or the place where the still was being operated, but was some miles distant therefrom, and that he had nothing to do with the still or the operation thereof, or any interest therein, and that it was operated without his knowledge or consent.

"You are instructed that before you would be warranted in returning a verdict against the defendant, you must find from the evidence introduced beyond a reasonable doubt that the defendant either set up and was operating the still in question or that the same was being done at the instance and request of the defendant or without his knowledge or consent, or that the defendant was interested in said still, and unless you so find beyond a reasonable doubt, from the evidence, then your verdict must be for the defendant.

"And in this connection you are further instructed that the mere fact that the still was found on a creek composing a part of the farm of the defendant would not of itself justify a conviction."

Considered in connection with the instructions given, there was no error in refusing to give this instruction. Portions of it are argumentative and might be misconstrued by the jury as a comment on the weight of the evidence.

We have read the entire record and find that the claim that incompetent evidence was admitted is not well grounded and that the evidence referred to in defendant's argument was for the most part competent and none of it prejudicial to the rights of the defendant.

There was ample evidence to support the verdict. True there was evidence tending to support the theory of the accused; but the weight of the evidence and the credibility of the witnesses was for the jury. We think the jury very properly concluded that one who makes illicit whisky by means of a still made out of an iron coal oil drum with leaden and iron pipe attachments deserved the extreme penalty prescribed by our statutes.

It is claimed that there was no definite proof that the liquid produced was whisky; there was proof that it was distilled from fermented meal and had the appearance of corn whisky; it would have been asking too much to require the sheriff or county attorney to demonstrate in open court by tasting the sample in evidence that this liquor was indeed whisky. The persons making the test might have been stricken with palsy and became incapacitated from further participation in the trial.

It is claimed by the defendant that some of the remarks made by the county attorney in his argument to the jury were improper and prejudicial. We have carefully examined the record upon this point. Without analyzing the record so far as it relates to this contention we hold that the remarks of counsel for the most part were justifiable deductions drawn from the evidence. The court sustained some of the objections and admonished the jury not to consider the remarks objected to. Upon careful consideration of this part of the record we conclude that this assignment of error is without merit.

The judgment of the trial court is affirmed.
MATSON, P. J., and DOYLE, J., concur.